NO. 7473.  COURT OF APPEAL

WIDOW ALBERT PEARCE

VS

NELSON CO-OPERATIVE ASS'N.

STATE OF LOUISIANA

PARISH OF ORLEANS.

1457

**7473**

7473

## OPINION.

By his Honor John St. Paul.

Plaintiff was negligently run into and injured by one Hunter whilst the latter was alleged to be going about defendant's business and riding a bicycle said to belong to defendant.

The only evidence in this record as to the ownership of the bicycle, tends to show that it did not belong to the defendant but to Hunter himself. But the ownership thereof is of no consequence the real question in determining the liability vel non of the defendant, being whether at the time of the occurrence Hunter was engaged on defendant's business or on his own. (Cusimano vs Durnin, No. 7457 of our docket; Marullo vs St Pasteur, No. 23024 Supreme Court both just decided)

That Hunter was in the employ of the defendant at the time of the occurrence is undisputed, he being manager of the defendant's meat-stand; but the only suggestion that the collision occurred whilst he was in the performance of some duty for defendant is merely by way of a deduction from the fact that the bicycle was admittedly purchased for the express purpose of delivering meat for defendant and was used daily for that purpose by the boy who made such deliveries.

But there is no evidence to show that Hunter himself ever personally delivered meat, and he swears that on this occasion he was not doing so, and was not otherwise attending to any business for defendant but had been upon an errand of his own from which he was just returning when the collision occurred.

This testimony is even corroborated by that of a fellow employee and is wholly uncontradicted; so that there is no basis whatever for a judgment against defendant on the theory that it is liable for the acts of its servant done "in the exercise of the functions in which he is employed " C. C. 2320.

289

Nor did the District Judge think so. On the contrary in his reasons for judgment he said; "The wrong-doer was an employee of Nelson (Inc.) and claims that he was riding his own bike either to his own breakfast or delivering his laundry. In either event he was doing it in his employers time and with his consent tacit 'or otherwise, and was expediting his employers business by preventing loss of time due him by Hunter."

In other words the trial judge thought that by hurrying back to his work instead of taking his leisure, Hunter was acting in the interest of, and hence for account of, his employer who should therefore be held answerable for him.

But this view does not appeal to us and seems untenable without upsetting the long line of authority cited in the two cases heretofore mentioned, and incidently approaching towards the doctrine that an employer might be liable for the acts of his employees not only whilst "in the exercise of the functions in which they are employed," but also during the time for which they are employed and in going to and returning from such employment.

The judgment appealed from is therefore reversed, and it is now ordered that the plaintiff's demand be rejected at her costs in both courts.